CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2018

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PIPER A. ROUNTREE, | ) | CASE NO. 7:18CV00318 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| A. DAVID ROBINSON, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Piper A. Rountree, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that officials at Fluvanna Correctional Center for Women ("FCCW") were interfering with her right to access the court by changing a computer use policy. The case was dismissed without prejudice after the court did not receive Rountree's required financial information on time. Rountree has moved to reinstate the case and has also filed a "motion to stay" that the court construes as a motion for interlocutory injunctive relief. After review of the record, the court will reinstate the case, but will grant the requested interlocutory relief only in part and will require Rountree to consent to payment of the filing fee before any further action in the case.

I. Motion to Reinstate

Virginia Department of Corrections ("VDOC") Chief of Corrections Operations, A. David Robinson, issued a memorandum on June 7, 2018, notifying all VDOC Operational Unit Heads that starting in thirty days, inmates would no longer be allowed to save documents to prison law library computers. Any inmate's legal documents should be printed out for her at no cost and then deleted. On July 6, 2018, the court docketed Rountree's § 1983 complaint and her motion seeking to enjoin the defendants from implementing this computer policy. Rountree

claimed that without computer access to edit and complete existing drafts, she could not complete pleadings for an intended civil rights complaint about her religious rights before the statute of limitations would expire in August as to some of her claims. The Hon. Robert S. Ballou, United States Magistrate Judge, reviewed Rountree's allegations and issued an order on July 6 that stated:

> To allow the court to weigh and decide whether Rountree's alleged situation warrants interlocutory relief, it is ORDERED that the Warden of FCCW is DIRECTED to (1) respond with appropriate affidavits and evidence to her motion for interlocutory injunctive relief within 7 days from the entry of this order; and until further order of this court, (2) to preserve any digital copies of Rountree's legal documents that are currently stored on an FCCW computer; and (3) to preserve any paper copies of Rountree's legal documents that exceed the amount of property she is allowed to store on site.

Order 2-3, ECF No. 4.[1]

The court's initial order in this case directed Rountree to provide financial documentation as required under 28 U.S.C. § 1915(b), or the case would be dismissed without prejudice. As stated, the court did not receive the required documentation by the August 15, 2018, deadline, and dismissed the case without prejudice on August 22, 2018. In Rountree's motion for reinstatement, she provides evidence that she delivered the financial documents to prison authorities for mailing to the court on August 6, before the deadline. Her exhibits indicate that prison officials' approvals of her simultaneously delivered postage withdrawal request were not completed until August 21, the postage was paid on August 22, and the mailing was postmarked on that date. With no evidence contradicting Rountree's contention that she timely delivered the financial documentation to prison officials for mailing to the court, see Houston v. Lack, 487 U.S. 266 (1988), her motion for reinstatement (ECF No. 18) will be granted.

---

[1] The defendants responded. By order entered July 20, 2018, the undersigned construed the defendants' response to Rountree's contentions as a motion for summary judgment and granted her twenty days to respond, which she did. The defendants replied, and Rountree moved to strike their reply.

## II. Motion for Interlocutory Relief

Since the court's previous order requiring officials to save Rountree's computer-created documents, which they did, they have continued to allow her to save, edit, and create documents on the computer: a 49-page response brief and 98 pages of exhibits (ECF No. 11), the motion to strike (ECF No. 16), and the motions for reinstatement (ECF Nos. 18, 20). On September 11, 2018, the court docketed a new, 45-page civil rights complaint under 42 U.S.C. § 1983, with 500 pages of exhibits, Rountree v. Aldridge, Case No. 7:18CV00447, alleging various religious rights claims.

In support of the instant motion for interlocutory relief regarding computer usage, Rountree submits a memorandum from Robinson, dated August 30, 2018, stating as follows:

> Effective October 1, 2018 offenders will no longer be able to prepare, save, and/or print using the law library computers. The law library computers will be wiped of all offender legal documents and the software utilized to prepare, save, and print documents will be removed.
>
> This memorandum serves as a 30-day notification to the offender population of the upcoming changes to law library computers and the requirement that all offender legal documents be removed from the law library computers prior to October 1, 2018. Offenders will be provided a copy of their personal legal documents stored on the law library computers at no cost. Any documents left on the computers following this 30-day period will be deleted.
>
> In order to ensure that offenders are provided the necessary resources to type legal documents[,] typewriters will be provided for offender use in the law library. Offender access to the law library typewriters to prepare legal documents will be in accordance with the facility's established protocols for the daily operation of the law library. Offender use of the typewriters will be under the general supervision of the law library supervisor.

Mot. Ex. 1, ECF No. 22-1. Rountree alleges that without the ability to edit existing computer documents and create and save future ones, she will be denied meaningful access to the courts. Specifically, she alleges that she needs computer access to make unspecified amendments to her new § 1983 complaint and to prepare discovery requests in that case. As relief, Rountree asks

3

the court to stay enforcement of either the June 7 or August 1, 2018 memorandum barring inmates from using law library computers to create and save legal documents and to ensure that Rountree can continue doing so.

The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The party's pleading must satisfy all four factors. Id. at 20.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Prison programs to assist inmates with preparing court documents are constitutionally sufficient if they afford inmates "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis v. Casey, 518 U.S. 343, 356 (1996). An inmate's constitutional right to access the court does not require the prison to provide her with every type of legal service or material that she believes necessary for her litigation. Id. at 354-356. Vague and conclusory allegations that the legal assistance provided will cause mere delays or inconveniences to an inmate's legal work cannot support a denial of access claim. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993).

Rountree's motion does not state grounds showing a likelihood that she will succeed in her claim that the new policy deprives her of her right to access the courts, or that she will suffer irreparable harm in the absence of interlocutory relief. At the most, Rountree describes inconveniences and delays that she may encounter when using a typewriter instead of a computer to create documents. She fails to predict any irreparable harm to either of her pending lawsuits

4

from the new policy, and the court finds no likelihood of such harm. In the present case, she has filed her response to the defendants' arguments and a motion to strike their reply. In her new case, No. 7:18CV00447, she has filed a lengthy complaint and many exhibits, alleging claims based on events from 2016 to the present. She fails to identify any expected, permissible amendments she might make to that pleading. For her future reference in these litigation efforts, she has also received, or will receive, cost-free paper printouts of all computer-created documents she has saved to the FCCW law library computers.

For the stated reasons, Rountree fails to show a likelihood of success on the merits or irreparable harm—two required factors for interlocutory relief under <u>Winter</u>. Therefore, the court will deny her motion to the extent that it seeks to enjoin the defendants from implementing the changes described in the October 1, 2018, memorandum. To allow the court to weigh and decide Rountree's underlying claims for permanent injunctive relief, however, the court will require the defendants (a) to preserve any digital copies of Rountree's legal documents that are currently stored on an FCCW computer; and (b) to preserve any paper copies of Rountree's legal documents that exceed the amount of property that she is allowed to store on site. An appropriate order will enter this day.

The clerk will send the parties copies of this memorandum opinion and the accompanying order, via FAX or email.

ENTER: This 27th day of September, 2018.

/s/ Glen Conrad
Senior United States District Judge